**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30335 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00082-RSL-4 |
| v. | |
| JUAN SALINAS BAUTISTA, also known as DJ, also known as Jose Morales Victoria, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, Chief District Judge, Presiding

Argued and Submitted July 12, 2010
Seattle, Washington

Before: RYMER and N.R. SMITH, Circuit Judges, and WALTER, Senior District
Judge.[**]

Juan Salinas Bautista appeals his conviction and sentence for (1) conspiracy

to distribute cocaine and cocaine base in the form of crack cocaine under 21 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Donald E. Walter, Senior United States District Judge
for the Western District of Louisiana, sitting by designation.

§§ 841(a)(1), 841(b)(1)(A), and 846, and (2) possession with intent to distribute cocaine and cocaine base in the form of crack cocaine under 21 U.S.C. § 841(a)(1) and 841(b)(1)(B). We affirm.

1.      We find that the government satisfied its statutory burdens under 18 U.S.C. § 2518. The government's applications sufficiently "attest[] that adequate investigative tactics were exhausted before the wiretap order was sought or that such methods reasonably appeared unlikely to succeed or too dangerous." *United States v. Rivera*, 527 F.3d 891, 898 (9th Cir. 2008) (citations omitted). Further, the government acted reasonably in its "good faith efforts to use traditional investigative tactics or its decision to forego such tactics based on the unlikelihood of their success or the probable risk of danger involved with their use." *United States v. Gonzalez, Inc.*, 412 F.3d 1102, 1112 (9th Cir. 2005). Even if the government made misstatements and recklessly omitted evidence in its applications, we do not find that such statements were material to the authorizing court's approval of the wiretaps. *See United States v. Carneiro*, 861 F.2d 1171, 1176 (9th Cir. 1988) ("If an application is inaccurate, the reviewing court must determine the true facts and rely on the credible evidence produced at the suppression hearing to determine whether a reasonable district court judge could

2

have denied the application because necessity for the wiretap had not been shown." (citation and quotation marks omitted)).

2.     For similar reasons, Bautista is not entitled to develop a record supporting his argument for suppression, through a *Franks* hearing,[1] because he has failed to make "a substantial preliminary showing that the affidavit[s] contained intentionally or recklessly false statements, and that the affidavit purged of its falsities would not be sufficient to support a finding of probable cause." *United States v. Meling*, 47 F.3d 1546, 1553 (9th Cir. 1995) (internal quotation marks omitted).

3.     Bautista bases his ineffective assistance of counsel claim upon the fact that, in arguing for a *Franks* hearing, his counsel did not direct the district court to *United States v. Rivera*, 527 F.3d 891 (9th Cir. 2008).  However, we find that *Rivera* offers no support for Bautista's position; thus, the failure to direct the district court to that opinion was not ineffective assistance.  Furthermore, having found the wiretaps proper, Bautista cannot demonstrate prejudice.  *See Strickland v. Washington*, 466 U.S. 668, 691–92 (1984).

4.     At sentencing, the court considered the guideline range as well as § 3553(a) factors.  The court was presented with mitigating and aggravating facts from both

---

[1]     *Franks v. Delaware*, 438 U.S. 154 (1978).

3

Bautista and the government. On the evidence set before it, the court did not abuse its discretion by imposing a term of 136 months. *See United States v. Carty*, 520 F.3d 984, 993–94 (9th Cir. 2008) (en banc).

**AFFIRMED.**